UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) |
| Plaintiffs, | ) )   Case No. 4:11CV75-CAS |
| v. | ) ) ) |
| KRAFT & ASSOCIATES CO., | ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR A CREDITOR'S BILL AND TO PIERCE THE CORPORATE VEIL**

**A.     Procedural History.**

On May 18, 2011, this Court entered a judgment against defendant Kraft & Associates Co. in the amount of $37,790.76 for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. §1132.  Plaintiffs have not been able to collect all of the judgment.

**B.     Background Facts.**

Kraft & Associates Co. was owned by Marvin Kraft.  (Affidavit of Michael A. Evans, ¶2, Ex. 1).  Kraft & Associates Co. went out of business in February 2011. (Evans Aff. ¶3, Ex. 1).  Plaintiffs have no meaningful leads to collect their judgment against Kraft & Associates Co.  (Evans Aff. ¶4, Exs. 1-2).

Marvin Kraft's son, Matthew Kraft formed a company called M.K. Contracting, LLC on April 20, 2011.  (Evans Aff. ¶5, Ex. 3).  M.K. Contracting, LLC is owned by Matthew Kraft and his brother, Michael Kraft.  (Evans Aff. ¶6, Ex. 1).  Both Matthew

and Michael Kraft were officers of Kraft & Associates Co.  Id.  M.K. Contracting, LLC was formed because "Kraft and Associates was indebted too much everywhere, the IRS, carpenters, laborers…"  (Evans Aff. ¶10, Ex. 1).

Both companies perform the same type of work.  (Evans Aff. ¶7, Ex. 1).  The only employees of M.K. Contracting, LLC have been former employees of Kraft & Associates Co.  (Evans Aff. ¶8, Ex. 1).  Kraft & Associates Co. and M.K. Contracting, LLC have performed work for the same customers.  (Evans Aff. ¶9, Ex. 1).

        **C.**      **Piercing the Corporate Veil.**

To pierce the corporate veil under Missouri law and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Management, 175 S.W.3d at 188.  The creditor must also show a "breach of duty—that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights" that caused the injury to the plaintiff.  Id. at 188-89.  In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others."  Id. at 189 (citations omitted).

Here, the key occurrence is the formation of M.K. Contracting, LLC before Kraft & Associates Co. satisfied its debt to plaintiffs.  Indeed, the similarities between the two companies are numerous.  Both companies perform the same type of work, have employees in common, and have performed work for the same customers.

M.K. Contracting, LLC was formed by Matthew and Michael Kraft, the sons of Marvin Kraft, the owner of Kraft & Associates Co.  Both Matthew and Michael Kraft were officers of Kraft & Associates Co.  Critically, when asked why he started M.K. Contracting, LLC, Matthew Kraft stated as follows:  "Because Kraft and Associates was indebted too much everywhere, the IRS, carpenters, laborers, and I just decided to start my own company.  I mean, it's either that, or look for a job, or collect unemployment."  Under these circumstances, it is clear that Matthew and Michael Kraft were in control of Kraft & Associates Co., and have used M.K. Contracting, LLC to avoid the judgment against Kraft & Associates Co.

Kraft & Associates Co. had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs.  However, Matthew and Michael Kraft abandoned Kraft & Associates Co. and formed a new company in order to avoid paying Kraft & Associates Co.'s creditors.  This breach of duty has clearly caused injury to plaintiffs, as their judgment has been rendered uncollectable from Kraft & Associates Co. itself.

**D.     The Creditor's Bill in Equity.**

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law."  H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476 (8th Cir. 1993), cert denied, 114 S.Ct. 621 (citations omitted).  The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law."  Shockley v. Harry Sander Realty Company,

3

Inc., 771 S.W.2d 922 (Mo. App. 1989).  The creditor's bill has deep roots in equity jurisprudence, and remains viable in modern times.  Although a creditor's bill can be brought in a separate equitable action, it is entirely appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained.  Fleming Companies, Inc. v. Rich, 978 F.Supp. 1281, 1294 (E.D. Mo. 1997).

Through a creditor's bill, a judgment creditor can "pierce the corporate veil" of its debtor, and satisfy the judgment from the assets of the real parties in interest.  Id.  The creditor's bill is "intended to address [the] exact situation" of a judgment-proof empty shell corporation.  H.H. Robertson, 994 F.2d at 479.  As the court noted in Shockley, "the avoidance of debts by the establishment of an empty-shell corporation for the purpose of entering into a contract, the benefits of which are conveyed without consideration and received by the hidden real parties in interest, is a practice that cries out for equitable relief."  771 S.W.2d at 924.

The prerequisites to obtaining a creditor's bill are the existence of a judgment, the issuance of execution against that judgment, and a nulla bona return.  Shockley, 771 S.W.2d at 925.  No new judgment is needed against those wrongfully in possession of the judgment debtor's assets.  Shockley, 771 S.W.2d at 925.  In addition, the alter ego entities against whom the creditor's bill is brought need not have been parties to, or even have had formal notice of, the earlier proceedings.  H.H. Robertson, 994 F.2d 476; Shockley, 771 S.W.2d at 925.

Various equitable grounds may be used to pierce the corporate veil and obtain relief under a creditor's bill.  In cases involving fraudulent transfers, courts have granted creditor's bills when the badges of fraud under the Uniform Fraudulent Transfers Act

4

were present.  See, e.g., Fleming Companies, 978 F.Supp. at 1293-94.  Additionally, in H.H. Robertson Co., the Eastern District of Missouri issued a creditor's bill where the original debtor exercised complete control over the alter ego and was unable to pay off its creditors due to fraud.  789 F.Supp. 998, 1000 (E.D. Mo. 1992), aff'd, 994 F.2d 476 (8th Cir. 1993).  The Eastern District of Missouri has also granted creditor's bills in similar situations.  See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Sunrise Construction, Inc., 45 EBC 2501, No. 4:05cv481 CAS (January 8, 2009) (opinion attached); Carpenters District Council of Greater St. Louis v. C.J. Howard Const., LLC, 4:06cv103 HEA (December 1, 2008) (docket text order and plaintiffs' Memorandum in Support attached); Greater St. Louis Const. Laborers Welfare Fund v. Marshall-Long, 4:04cv988 CDP (May 8, 2006) (opinion attached).

Plaintiffs have met the requirements for obtaining a creditors' bill:  a judgment was obtained against Kraft & Associates Co., garnishment and execution was sought against the debtor, and a nulla bona return.  As such, plaintiffs have no further leads for meaningful collection against defendant Kraft & Associates Co. and are entitled to a creditor's bill.  Moreover, there are numerous similarities between Kraft & Associates Co. and M.K. Contracting, LLC.  Under these circumstances, the only explanation for the formation of M.K. Contracting, LLC is to avoid paying the debts owed by Kraft & Associates Co.

**E.    Conclusion.**

The corporate veil of Kraft & Associates Co. should be pierced because Kraft & Associates Co. and M.K. Contracting, LLC are controlled by Matthew and Michael Kraft and the formation of M.K. Contracting, LLC has prevented plaintiffs from collecting

their debt against Kraft & Associates Co.  Moreover, plaintiffs are entitled to a creditor's bill in order to satisfy the judgment against Kraft & Associates Co. from the assets of M.K. Contracting, LLC.

       Respectfully submitted,

       HAMMOND and SHINNERS, P.C.
       7730 Carondelet Avenue, Suite 200
       St. Louis, Missouri  63105
       Phone: (314) 727-1015
       Fax:     (314) 727-6804


          /s/ Michael A. Evans
       MICHAEL A. EVANS, #58583

       Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing electronically filed with the Court on August 16, 2011 and a copy was mailed to the following non-participant in e-filing: Kraft & Associates Co., 9738 Gravois Road, St. Louis, MO 63123; M.K. Contracting, LLC, 15 Larkin Lane, St. Louis MO 63128.

          /s/ Michael A. Evans